W. T. MILLER v. WESTERN UNION TELEGRAPH COMPANY.

(Filed 11 September, 1912.)

1. **Telegraphs—Delay in Delivery—Burden of Proof—Service Message.**

On proof of the delivery of a message to a telegraph company, and payment of the charges, or acceptance of the message without such payment, and failure to deliver to the sendee in a reasonable time, a *prima facie* case of negligence is made out, with the burden upon the defendant to make all reasonable effort to deliver the message; and, upon failure to find the addressee, to wire back a service message for a better address.

2. **Same—Nonsuit.**

In an action for damages for mental anguish against a telegraph company for failure to promptly deliver a telegram announcing a death, there was evidence tending to show that the telegram could have been promptly delivered at the address given on its face. The defendant introduced no evidence, though it appears that by a phonetic mistake a change of the addressee from "Woody Miller" to "Wood C. Miller" was made: *Held,* the burden of proof being on the defendant to show that it made a reasonable effort to deliver the message, including the sending of a service message asking a better address, a judgment of nonsuit should not have been rendered.

APPEAL by plaintiff from *Bragaw, J.,* at Spring Term, 1912, of CHOWAN.

The facts are sufficiently stated in the opinion of the Court by *Mr. Chief Justice Clark.*

*Bond & Bond for plaintiff.*
*Pruden & Pruden and S. Brown Shepherd for defendant.*

CLARK, C. J.   This is an action for failure to deliver promptly a telegram. It was in evidence that at 4 P. M., Saturday, 19 November, 1910, a telegram from Norfolk, Va., addressed to "Woodie Miller, Edenton, N. C.," was delivered at his residence in that place, announcing the sudden death of his brother, in Norfolk, and asking plaintiff to "come at once." His wife at once requested the company to forward it to her husband, "care Everett's Hotel, Jacksonville, Fla.," and guaranteed the charges. The defendant accepted the message, but did not deliver it. His wife sent a night letter that night to her husband, asking if he had received the message. He received this the next day about 10 o'clock A. M. He thereupon went to the telegraph office in Jacksonville and was handed the undelivered telegram, which was directed to "Wood C. Miller, care Everett's Hotel." The plaintiff testified that if he had received the telegram at any time before 8 P. M., 19 November (which was four hours after the message was handed in to the office in Edenton), he could and would have reached Norfolk Sunday at 5:30 P. M., in time to have attended the funeral; that he left on the first train after he had actually received the message, but arrived in Norfolk too late to attend the funeral. The plaintiff further testified that the clerk at the Everett Hotel had known him a long time as T. W. Miller or Woodie Miller; that he had been at the hotel on this occasion for several days and was registered as T. W. Miller. The defendant offered no evidence.

It was error to grant the motion for a nonsuit. There is an unbroken line of cases from *Hendricks v. Telegraph Co.,* 126 N. C., 304, and *Cogdell v. Telegraph Co.,* 135 N. C., 431, down to the present, that on proof of the delivery of a message to a telegraph company and payment of the charges, or the accept-

ance of the message without such payment, and of failure to deliver to the sendee in reasonable time, there is *prima facie* proof of negligence, and the burden is upon the company to prove that it made all reasonable effort to deliver the message, and that, upon failure to find the sendee, it wired back a service message for a better address. Here the company showed no effort to deliver, nor any attempt to send a service message, nor any inquiry for sendee at Everett's Hotel, nor indeed any attempt to deliver even when through the night letter from the plaintiff's wife it had notice that the sendee was at the hotel in Jacksonville. Though this last was directed to T. W. Miller, it was notice that a message of importance which had been sent from Edenton, N. C., to a man named Miller, care Everett's Hotel, had not been delivered.

It seems probable that the message was changed from "Woodie Miller" to "Wood C. Miller" by a phonetic mistake as in *Cogdell v. Telegraph Co., supra.* But however that may be, the defendant has not met the burden of proof cast on it by reason of its failure to deliver the message in apt time.

The judgment of nonsuit must be

Reversed.